UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCINDA O'DEA et al., <br><br> Plaintiffs, <br><br> v. <br><br> RB HEALTH (US) LLC, <br><br> Defendant. | Case No. 2:24-cv-07048-SB-BFM <br> Case No. 2:24-cv-07049-SB-BFM <br> Case No. 2:24-cv-07538-SB-BFM <br> Case No. 2:24-cv-07550-SB-BFM <br> Case No. 2:24-cv-09556-SB-BFM <br><br> ORDER |
| LUCINDA O'DEA et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALCHEMEE, LLC et al., <br><br> Defendants. | |
| GEORGE TERON et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALCHEMEE, LLC et al., <br><br> Defendants. | |
| JAMIE HEERMANN et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALCHEMEE, LLC et al., <br><br> Defendants. | |

1

JAMIE HEERMANN,

    Plaintiff,

v.

RB HEALTH (US) LLC,

    Defendant.

    After the Court dismissed claims against Defendants in related cases, the parties in these cases filed joint status reports proposing that Plaintiffs file two consolidated complaints—one against Defendants Alchemee, LLC and Taro Pharmaceuticals Industries, Ltd., and one against Defendant RB Health (US), LLC—to which Defendants would each respond with a single motion to dismiss. On October 8, 2024, the Court adopted the parties' proposals and ordered the consolidated complaints filed on October 21, with the motions to dismiss due November 4.

    The parties complied with the Court's order by filing consolidated complaints and motions to dismiss in two of the five related cases: *O'Dea v. Alchemee LLC*, No. 2:24-cv-07049-SB, and *O'Dea v. RB Health (US), LLC*, No. 2:24-cv-07048-SB. The claims in the other three related cases are now encompassed in the two consolidated complaints, and there is no need for the additional cases (in which the amended complaints and motions to dismiss were not filed) to remain active. Accordingly, the clerk's office is directed to administratively close *Teron v. Alchemee LLC*, No. 2:24-cv-07538-SB, *Heerman v. Alchemee LLC*, No. 2:24-cv-07550-SB, and *Heerman v. RB Health (US), LLC*, No. 2:24-cv-09556-SB, since those cases have been consolidated into the *O'Dea* cases.

    Two administrative matters require further attention. First, in *O'Dea v. Alchemee LLC*, the consolidated complaint does not include Plaintiff George Teron in the caption or in the body. It is unclear whether the omission was intentional. The parties shall meet and confer, and no later than November 12, 2024, Plaintiffs shall file either (1) a statement that Teron is no longer pursuing his claims or (2) an amended consolidated complaint correcting the omission, together with a joint statement of the parties stating their agreement that the motion to dismiss can be

applied to the amended pleading (or an explanation of the parties' objection if they do not so agree).

      Second, in both *O'Dea* cases, the consolidated complaints were not precise in describing which counsel represented which Plaintiff(s), and it is not clear that the docket in either of the consolidated cases properly reflects the Plaintiffs' representation. By November 12, 2024, Plaintiffs shall ensure that the dockets in the two active cases—*O'Dea v. Alchemee LLC*, No. 2:24-cv-07049-SB, and *O'Dea v. RB Health (US), LLC*, No. 2:24-cv-07048-SB—correctly reflect all counsel who represent each Plaintiff in each case.

Date: November 6, 2024

                                                Stanley Blumenfeld, Jr.
                                              United States District Judge